IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

DEC - 3 2012

CLERK, U.S. DISTRICT COURT
By _____
             Deputy

| | | |
|---|---|---|
| PAMELA RICHARDSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:11-CV-359-A |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants,
Wells Fargo Bank, N.A., ("Wells Fargo") and Federal Home Loan
Mortgage Corporation ("Freddie Mac"), for an award of attorneys'
fees and costs.  Plaintiff, Pamela Richardson, opposed the
motion; and, several other filings have been made in support of
or in opposition to the motion.  After having considered the
motion and all related filings, the entire record of this action,
and pertinent legal authorities, the court has concluded that
such motion should be denied without prejudice.

I.

Background

Plaintiff initiated this removed action by the filing on
April 19, 2011, of her original petition in the District Court of
Tarrant County, Texas, 342nd Judicial District, asserting claims

and causes of action related to Wells Fargo's foreclosure of plaintiff's property and Freddie Mac's attempts to evict her from the property.  Plaintiff subsequently filed two amended complaints in this court.  The foreclosure, eviction, and many of plaintiff's claims and causes of action all arose from the terms of the note and deed of trust plaintiff signed in 2006.  On June 29, 2012, the court granted defendants' motion for summary judgment and supplemental motion for summary judgment, dismissing by a final judgment all of plaintiff's claims and causes of action against defendants and ordering that defendants recover their costs of court from plaintiff.[1]

On July 13, 2012, defendants filed a motion for leave to file under seal their motion for attorneys' fees and costs, which the court denied.  On July 23, 2012, defendants filed an unopposed motion for leave to file their motion for award of attorneys' fees and costs, which the court granted.  The second motion for leave was predicated on the assumption that Rule 54(d)(2) of the Federal Rules of Civil Procedure fixed the deadline for the filing by defendants of a motion for an award of attorneys' fees and costs; and, the motion sought an extension of that deadline.  The order granting the motion was not intended to

---

[1]Defendants filed their bill of costs on July 13, 2012.  It was not contested by plaintiff.  The requested costs were taxed against plaintiff on July 27, 2012.

2

serve as a ruling that Rule 54(d)(2) applied to defendants'
motion.  Rather, the order simply extended the Rule 54(d)(2)
deadline on the assumption made by defendants that the rule
applied to the motion.

On July 24, 2012, defendants filed the motion for award of
attorneys' fees and costs that is now before the court for
decision.  Defendants' request for attorney's fees and litigation
expenses is based on the following language in the deed of trust:

> **9. Protection of Lender's Interest in the
> Property and Rights Under this Security Instrument.**
> If (a) Borrower fails to perform the covenants and
> agreements contained in this Security Instrument,
> (b) there is a legal proceeding that might
> significantly affect Lender's interest in the Property
> and/or rights under this Security Instrument . . . then
> Lender may do and pay for whatever is reasonable or
> appropriate to protect Lender's interest in the
> Property and rights under this Security Instrument,
> . . . . Lender's actions can include, but are not
> limited to:  . . . (b) appearing in court; and (c)
> paying reasonable attorneys' fees to protect its
> interest in the Property and/or rights under this
> Security Instrument,. . . .
>
> Any amounts disbursed by Lender under this Section
> 9 shall become additional debt of Borrower secured by
> this Security Instrument.  Those amounts shall bear
> interest at the Note rate from the date of disbursement
> and shall be payable with such interest, upon notice
> from Lender to Borrower requesting payment.

Mot., App. at 9, ¶ 9 (emphasis added).

As justification for the post-judgment timing of their
request for attorneys' fees and litigation expenses, defendants

3

relied on Rule 54(d)(2) of the Federal Rules of Civil Procedure,

which provides in pertinent part:

> (2)  Attorney's Fees.
>     (A) Claim to Be by Motion. A claim for attorney's
> fees and related nontaxable expenses must be made by
> motion <u>unless the substantive law requires those fees
> to be proved at trial as an element of damages</u>.
>     (B) Timing and Contents of the Motion.  Unless a
> statute or a court order provides otherwise, the motion
> must:
>         (i)  be filed no later than 14 days after the
>              entry of judgment; . . . .

Fed. R. Civ. P. 54(d)(2)(A) & (B) (emphasis added).  The advisory

committee notes to the 1993 amendments of Rule 54 included the

following in its explanation of the purpose of Rule 54(d)(2):

> Paragraph (2).  This new paragraph establishes a
> procedure for presenting claims for attorneys' fees,
> whether or not denominated as "costs."  It applies also
> to requests for reimbursement of expenses, not taxable
> as costs, when recoverable under governing law incident
> to the award of fees. . . . <u>As noted in subparagraph
> (A), it does not, however, apply to fees recoverable as
> an element of damages, as when sought under the terms
> of a contract; such damages typically are to be claimed
> in a pleading and may involve issues to be resolved by
> a jury</u>.

Fed. R. Civ. P. 54(d)(2)(A) advisory committee's note (emphasis

added).

Because of the "unless the substantive law requires those

fees to be proved at trial as an element of damages" language of

Rule 54(d)(2)(A) and the part of the advisory committee notes

that Rule 54(d)(2) "does not . . . apply to fees recoverable as

4

an element of damages, as when sought under the terms of a
contract," the court developed a concern relative to the
propriety of defendants' reliance on that statute for the post-
judgment filing of their motion.  The court issued an order on
November 6, 2012, detailing the court's concerns about
applicability of Rule 54(d)(2) as well as related issues, and
ordered the parties to file by November 20, 2012, a document
containing argument and available authorities bearing on the
court's concerns.  Each party filed a supplemental brief on
November 20, 2012, and defendants filed on November 21, 2012, a
notice of clarification of an incorrect statement they made in
their November 20, 2012 filing.

The reasoning of the court that has led to the ruling the
court is making on defendants' motion is set forth below.

II.

Analysis

A.   Defendants Have a Substantive Right to Recovery of
     Attorneys' Fees and Nontaxable Litigation Expenses,
     Subject to Proof of Reasonableness, the Procedural
     Questions Discussed at Later Points in this Memorandum
     Opinion, and Any Substantive Defense That Might Exist

In support of their contractual claim for attorneys' fees
and costs, defendants cited a recent decision of the Fifth
Circuit, In re Velazquez, 660 F.3d 893 (5th Cir. 2011).  In that
case, the Fifth Circuit considered a provision in the deed of

trust identical to that cited above in concluding that the defendant was entitled to reasonable attorney's fees. <u>Id.</u> at 899-900.  Plaintiff objected in her response that <u>Valazquez</u> is inapplicable to the instant action because the defendant in that case sought attorney's fees in the context of a bankruptcy proceeding, a proceeding specifically identified in the above-cited language in the deed of trust.  Plaintiff contends that this lawsuit is not a legal proceeding that might significantly affect defendants' interest in the property or their rights under the deed of trust because she was not seeking sole title to the property, only to remain in possession thereof subject to defendants' lien.  Hence, according to plaintiff, the instant litigation did not fall within the language of the deed of trust.

The after-the-fact contentions of plaintiff are belied by her pleadings.  In her initial petition filed in the state court plaintiff sought to permanently enjoin defendants from selling or attempting to sell the property, an action that, if successful, could have permanently affected defendants' ability to enforce the terms of the note and deed of trust through foreclosure and eviction if plaintiff persisted in her default.  Plaintiff's requests for relief in her first and second amended complaints in this court were more to the point: she asked that "the acceleration of the Note be set aside" and reinstated absent any

charges, penalties, or interest, "or in the alternative, [that]
the Court find that the lien is invalid and the Defendants have
forfeited any principal and interest." Pl.'s First Am. Compl. at
18-19; Pl.'s Second Am. Compl. at 19. Plaintiff also asked that
the court set aside the substitute trustee's deed in favor of
Freddie Mac and that "title be shown to be vested in Plaintiff,
and Plaintiff be granted possession of the property." Pl.'s
First Am. Compl., Pl.'s Second Am. Compl., at 19. Any of the
requested rulings would have affected defendants' rights as to
the property and under the security instrument and are sufficient
for the court to conclude that the instant action was a "legal
proceeding that might significantly affect [defendants'] interest
in the Property and/or rights under the Security Instrument."
Mot., App. at 9.

Plaintiff also contends that before the court can determine
whether to award attorney's fees it must consider the five
factors enumerated in Iron Workers Local No. 272 v. Bowen,
624 F.2d 1255 (5th Cir. 1980). However, the Bowen factors are
not relevant to a decision as to whether the contractual document
in the instant action imposes on plaintiff an obligation to pay
attorney's fees.

For the reasons stated under this subheading, the court
concludes that, subject to overcoming procedural hurdles and

substantive defenses and assuming appropriate proof as to the
amounts to be awarded, the provisions of the deed of trust quoted
at supra p. 3 cause defendants to be entitled to recover
reasonable attorneys' fees and nontaxable litigation expenses
they incurred in the defense of the claims made against them by
plaintiff in the above-captioned action.

B.   Nonapplicability of Rule 54(d)(2)

The court has concluded that the "unless the substantive law
requires those fees to be proved at trial as an element of
damages" exception in Rule 54(d)(2)(A) prevents Rule 54(d)(2)
from being applicable to defendants' claim for attorneys' fees
and other litigation expenses.  Other courts have reached the
same conclusion when faced with facts similar to those presented
by the instant action.  See Carolina Power & Light v. Dynegy
Mktg. & Trade, 415 F.3d 354, 356-58 (4th Cir. 2005); Clarke v.
Mindis Metals, Inc., 99 F.3d 1138 (table), No. 95-5517, 1996 WL
616677, at *7-8 (6th Cir. Oct. 24 1996); Allgood Elec. Co. v.
Martin K. Eby Constr. Co., 179 F.R.D. 646, 647-49 (M.D. Ga.
1998); Caremark, Inc. v. Coram Healthcare Corp., 924 F. Supp.
891, 891-92 (N.D. Ill. 1996);  Cohn v. Taco Bell Corp., No. 92 C
5852, 1995 WL 493453, at *5-6 (N.D. Ill. Aug. 16, 1995).

The litigation expenses defendants are seeking to recover
quite clearly are contractual damages to be proved at trial.

8

Were it not for the contractual provision, defendants would have nothing on which to base a claim for recovery of litigation expenses. The contract provides that the litigation expenses become additional debt of plaintiff, secured by the deed of trust, to bear interest at the promissory note rate from the date of disbursement. Put another way, through their motion defendants are seeking to recover a contractual debt they claim plaintiff owes them. No reasonable argument can be made that facts establishing the existence and amount of that indebtedness do not have to be proved at trial as elements of damage. Proof of those facts at trial in support of the recovery defendants seek by their motion would be just as essential as would be proof of the creation of the initial indebtedness and the fact that plaintiff had failed to pay it in accordance with the terms of the promissory note and security agreement, if those were controverted issues.

Moreover, while perhaps not applicable here, if the claim for recovery of reimbursement for legal expenses that had become a part of the secured debt had properly been made by a counterclaim, or in a separate action brought against plaintiff for that purpose, plaintiff would have been alerted to the need to assert whatever substantive defenses might have been available. Bear in mind, the recovery of attorneys' fees and

9

litigation expenses that defendants seek to make have, by virtue of the agreement of the parties, simply become an add-on to the debt owed by plaintiff to defendants that was secured by the deed of trust. An example of a potential defense by a borrower is found in the provisions of paragraph 2 on page 2 of the deed of trust, which defines the order of priority for application of payment credits on the indebtedness secured by the deed of trust. Mot., App. at 7, ¶ 2. The appearance is that payments would be applied to satisfy indebtednesses such as attorneys' fees and litigation expenses of the kind defendants seek to recover by their motion before any amount is applied to reduce the principle balance of the promissory note (the main indebtedness secured by the deed of trust). A similar provision related to proceeds realized from a foreclosure sale is found in the third unnumbered paragraph of paragraph 22. Id. at 12, ¶ 22. The facts in some cases, if not in this case, might well be that the proceeds from the foreclosure on the property, or from other payments, would serve to satisfy any payment obligation the borrower might have had to the lender for the part of the debt representing attorneys' fees and other litigation expenses. As with any other part of the indebtedness secured by the deed of trust, the borrower should be permitted at a traditional trial (including any summary judgment proceeding) to urge, and offer evidence in

10

support of, any defense to the litigation expense feature of the indebtedness secured by the deed of trust.

Defendants cannot find comfort in cases such as <u>Heliflight, Inc. v. Bell/Augusta Aerospace Co.</u>, No. 4:06-CV-425-A, 2007 WL 4373259 (N.D. Tex. Dec. 12, 2007), that call awards made under fee-shifting statutes "costs." There is all the difference in the world between a statutory fee-shifting award and an award made under a contract that defines the litigation expenses as a part of the indebtedness owed by the borrower/plaintiff to the lender/defendants. The litigation expenses defendants seek to recover by their motion are not collateral matters--rather, they are a substantive claim defendants are making against plaintiff based on a contractual right defendants acquired through their deed of trust agreement with plaintiff.

C.   <u>Effect of Defendants' Failure to Seek Recovery of</u>
     <u>Attorneys' Fees by Counterclaim Before Final Judgment</u>
     <u>Was Entered</u>

Defendants apparently concede that they did not make a counterclaim for recovery of attorneys' fees or litigation expenses. However, they point out that they gave notice of their intent to seek such a recovery. Undoubtedly defendants have in

11

mind the following allegations they made on pages 21 and 22 of

their answer to plaintiff's second amended complaint:

### X. Defendants are Entitled to Recover Their Fees and Costs

> Defendants hereby provide notice that they seek to
> recover from Plaintiff the attorneys' fees and costs
> that they have incurred in this case. A party may
> recover attorneys' fees when such recovery is provided
> for in statute or contract. *See Hill* v. *Imperial Sav.,*
> 852 F. Supp. 1354, 1371 (W.D. Tex. 1992) (noting that
> contractual provisions allowing for award of attorneys'
> fees are generally enforceable) (citing *Baja Energy,
> Inc.* v. *Ball,* 669 S.W.2d 836, 838 (Tex. App.--Eastland
> 1984, no writ) ("The general rule in Texas is that
> expenses incurred in prosecuting or defending a suit
> are not recoverable as costs or damages unless recovery
> for such items is expressly provided for by contract or
> statutory provision.")) *see Velazquez* v. *Countrywide
> Home Loans Servicing, L.P.,* 660 F.3d 893, 899-900 (5th
> Cir. 2011) (authorizing award of attorney's fees to
> defendant subject to terms of deed of trust); *see also
> Holland* v. *Wal-Mart Stores, Inc.,* 1 S.W.3d 91,95 (Tex.
> 1999). In this case, the recovery of attorneys' fees
> and costs is provided for under the terms of the
> pertinent loan documents.

Answer to Second Am. Compl. at 21-22, § X.

The court does not interpret the language quoted immediately

above to constitute a counterclaim. While the local rules of

this court authorize a document to contain more than one

pleading, "[a]ny such document must clearly identify each

included pleading . . . in its title." Rule LR 5.1(c) of the

Local Civil Rules of the U.S. Dist. Ct. for the N. Dist. of Tex.

Thus, the quoted language cannot be treated as a counterclaim.

At best, the language put plaintiff on notice that defendants

considered that they had a contractual right of recovery of attorneys' fees and nontaxable litigation expenses incurred in their defense of the litigation. The court can only speculate as to what defendants thought they gained from providing that notification to plaintiff.

The court has concluded that defendants' motion should be denied because there was a final judgment entered on June 29, 2012, and defendants have taken no action that could lead to a revision of that final judgment. Defendants have cited to several cases that have allowed post-judgment litigation expense awards pursuant to contractual provisions that contemplated that the "prevailing party" in the litigation between the parties would have the right to be reimbursed by the losing party for attorney's fees and other litigation expenses incurred in connection with the litigation. See, e.g., Rissman v. Rissman, 229 F.3d 586 (7th Cir. 2000); Engel v. Teleprompter Corp., 732 F.2d 1238 (5th Cir. 1984); Oreck Direct, LLC v. Dyson, Inc., No. 07-2744, 2009 WL 961276 (E.D. La. Apr. 7, 2009). No such "prevailing party" language is found in the contractual provision upon which defendants rely for their recovery of attorneys' fees and other litigation expenses.

In the instant action, defendants could have asserted a counterclaim for their litigation expenses or made a motion for

13

partial summary judgment on all but litigation expenses, and then, if successful on their motion for partial summary judgment, had a trial on the limited issue of entitlement to recovery of litigation expenses from plaintiff pursuant to their deed of trust contract. Or, defendants could have included in such a motion for partial summary judgment a ground that they were entitled to recover on the part of the debt representing litigation expenses, leaving for decision at trial the dollar amount of the recovery to be made. If a summary judgment motion had not been filed, there is no reason why the trial of the litigation expense claim could not have been conducted at a main trial on the issues raised by plaintiff's complaint, a counterclaim asserting recovery of the debt secured by the deed of trust (including the part representing litigation expenses), and any defenses plaintiff might have alleged in response to the counterclaim. The fact that reasonableness of the litigation expenses might more appropriately be a finding of the judge rather than the jury is not a relevant factor. Nor is the fact that the exact amount of the litigation expenses will not be known until the trial has been concluded. Courts commonly have expert testimony presented as to what the anticipated litigation expenses will be for steps that must be, but have not been, taken to conclude the litigation.

14

The filing by defendants of their post-judgment motion does not take the place of a counterclaim and the required pre-final judgment proof.

D.   <u>The Denial of Defendants' Motion is Without Prejudice</u>

The court does not intend that its ruling adverse to defendants on their motion be with prejudice to any future action defendants might wish to take to enforce what they perceive to be their entitlement to attorneys' fees and other litigation expenses related to the defense of the instant action.  If such a claim was not a compulsory counterclaim that had to be asserted in the instant action, there would appear to be no reason why defendants could not bring a separate action against plaintiff to recover their litigation expenses, in which, of course, plaintiff would be entitled to assert whatever defenses might be available.[2]  Or, if defendants' claim for litigation expenses was a compulsory counterclaim, defendants could give thought to seeking relief from the June 29, 2012 judgment by a motion brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, which may, or may not, prove to have merit.  The ruling of the court denying defendants' motion is without prejudice to the taking of any other action defendants might

---

[2]The court has not undertaken to evaluate whether defendants' claim for recovery of litigation expenses was a compulsory counterclaim.

choose to take in an effort to collect their attorneys' fees and other litigation expenses from plaintiff.

III.

Order

For the reasons given above,

The court ORDERS that defendants' motion be, and is hereby, denied without prejudice.

SIGNED December 3, 2012.

_____
JOHN McBRYDE
United States District Judge

16